GILLEN, J.
This is an action of Contract to recover upon a bond issued by the defendant, by the terms of which it guaranteed the plaintiff from loss for any act of embezzlement or misappropriation of funds committed by one Maxwell Brilliant, an employee of the plaintiff.
Evidence was presented that while the bond was in force the said Brilliant on or about April 21, 1949, misappropriated funds of the plaintiff by selling 19,550 zippers, the property of the plaintiff, and failing to remit the proceeds of the sale to the plaintiff.
The bond provided in part that: “The employer shall give notice, by registered mail, to the Surety at its Home Office, Boston, Mass., as soon as possible after becoming aware of any act Committed by any employee which may be made the basis of claim hereunder, and, within ninety days after date of said notice, shall file with the Surety an itemized claim hereunder, duly sworn to — ”.
Evidence was presented that on April 25, 1749, the plaintiff sent the defendant a letter (but not by registered mail), notifying the defendant of a loss claimed under the bond. On May 3, 1949, the defendant acknowledged receipt of the notice of April 25, 1949, and indicated that the notice had been submitted to the Claim Department for proper handling.
On May 9, 1949, the defendant sent a letter to the plaintiff setting forth, “We have interviewed Mr. Brilliant and he denies dishonesty of any kind. Upon Completion of our investigation I will write you again. Yours respectfully, E. W.. Driscoll, Supt.”
*[54] On May 11, 1949, the plaintiff wrote a letter to the defendant setting forth the number of zippers found in the control of Brilliant, with an estimate of the number he sold. This statement was not under oath.
There was other, correspondence between the parties but on August 5, 1949, the defendant wrote as follows to the plaintiff. “Gentlemen: Replying to your letter of August 3, 1949, please be informed that this Company takes the position that it has no liability to your clients under Policy No. F-91119.”
The plaintiff filed requests for rulings ofr law which the trial judge acted upon. The trial judge found the following facts: “ — that Section 3 in the bonds given by the defendants to the plaintiff guaranteeing the honesty and integrity of the said Maxwell Brilliant has not been complied with, in that no evidence was introduced by the plaintiff to show that a notice by registered mail to defendant at its Home Office in Boston, Massachusetts, was given and within 90 days after date of said notice, an itemized claim was filed with the Surety duly sworn to. The provisions contained in section 3 of said bond are a condition precedent to recovery by the plaintiff, and I find that there has been no compliance with the provisions of this paragraph.
“I find that there have been no acts by the defendant which in any way can be construed as a waiver of its right to insist upon compliance with the provisions of section 3 in said bond, and there is no conduct by the defendant which can be urged as an estop-pel against it in setting up its defense under clause 3 of the bond.”
The trial judge found for the defendant.
The plaintiff claims to be aggrieved by the action of the trial judge on its requests for rulings of law.
The plaintiff urges that the notice of April 25, 1949, was valid notwithstanding the fact that it was not sent by registered mail as required in the bond. We agree with this contention by reason of the fact that the defendant waived the requirement of registered mail when upon receipt of the notice it notified the plaintiff it had been submitted “to the Claim Department for proper handling.” In this letter there was *[55] no complaint of any defect in the notice sent nor was the question of its validity as a notice raised because not sent by registered mail. In these circumstances the defendant is estopped from setting up as a defense, the defective form of the notice. Fitchburg Savings Bank v. Mass. Bonding and Insurance Co., 274 Mass. 135. Within ninety days from April 25, 1949, the plaintiff was required to file with the defendant an itemized claim hereunder duly sworn to. This the plaintiff failed to do.
Wasserman & Salter, Attys. for plff.
H. J. H. Sears, P. H. Tenney, D. W. Riordan, Attys. for dft.
However, it urges that a letter sent to the defendant on May 11, 1949, setting forth the number of zippers found in the control of Brilliant with an estimate of the number he sold is a valid itemized claim. But a short answer to this contention is that the alleged claim was not under oath; neither was it itemized, and above all, makes no mention of the value of a zipper. On August 5, 1949, well beyond the ninety day period, the defendant for the first time disclaimed liability.
In view of the fact that this was the only denial of liability by the defendant, and in view of the further fact it was made well beyond the ninety day period, it was not open to the plaintiff to contend that his failure to furnish a valid itemized claim under oath was caused by any act of the defendant. The defendant had not waived this requirement. Milton Ice Co., Inc. v. Travelers Indemnity Co., 320 Mas-719.
The trial judge denied request No. 6, viz: “On all the evidence the defendant waived the requirement of any further notice than that received from the plaintiff on April 25, 1949.” We hold that the trial judge should have granted this request. Yet we find that this ruling did not prejudice the plaintiff. It had yet to file the itemized claim, sworn to, which it had failed to do and thus the finding for the defendant was warranted.
We find no error in the action of the trial judge on the other requests for rulings of law and the order is:

Report dismissed.